IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE STRATTON, | ) | |
| Petitioner, | ) | Civil Action No. 13-371 Erie |
| | ) | |
| v. | ) | District Judge J. Frederick Motz |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

### II.   REPORT

#### A.   Relevant Background

Petitioner, Tyree Stratton, is a federal inmate incarcerated at the Federal Correctional Institution, McKean, which is located in Bradford, Pennsylvania. On December 1, 2005, he was found guilty by a jury in the U.S. District Court for the Eastern District of Pennsylvania (the "sentencing court") on the following three counts: (I) Conspiracy to Commit Armed Bank Robbery, in violation of 18 U.S.C. § 371; (II) Armed Bank Robbery, in violation of 18 U.S.C. § 2113(d); and (III) Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). The sentencing court sentenced Petitioner on April 11, 2006, to a 260-month term of imprisonment, reflecting 140 months on each of Counts I and II (to run concurrently) and 120 months on Count III (to run consecutively).

1

The U.S. Court of Appeals for the Third Circuit affirmed Petitioner's judgment. See docket in United States v. Stratton, No. 06-2321 (3d Cir.). On October 6, 2008, the U.S. Supreme Court denied his petition for a writ of certiorari. See Order in Stratton v. United States, U.S. Supreme Court Dkt. No. 07-11396 (Oct. 6, 2008).

In 2009, Petitioner filed with the sentencing court his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Resp's Ex. C). He raised claims not relevant to this proceeding. The sentencing court denied that motion (Resp's Ex. D) and on December 8, 2010, the Court of Appeals for the Third Circuit denied a certificate of appealability. See docket in United States v. Stratton, No. 10-3256 (3d Cir.).

In June of 2013, the Supreme Court decided Alleyne v. United States, — U.S. — , 133 S.Ct. 2151 (2013). In that decision, the Supreme Court overruled Harris v. United States, 536 U.S. 545 (2002) and held that since mandatory minimum sentences increase the penalty for a crime, the facts used to enhance a sentence are offense elements "that must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory minimum sentence can be imposed. Alleyne, 133 S.Ct. at 2160-64.

Soon after Alleyne was decided, Petitioner filed with his sentencing court a second § 2255 motion. (Resp's Ex. F). He contended that his sentence is unconstitutional pursuant to the holding in Alleyne. The 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals certifies the filing contains, in relevant part, a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Because Petitioner had not received from the Court of Appeals for the Third Circuit authorization to file a second § 2255 motion, the sentencing court denied

2

his motion. (Resp's Ex. G). (Since the Supreme Court has not held that Alleyne is retroactive to cases on collateral review, the courts of appeals cannot authorize federal prisoners to file second or successive § 2255 motions based upon that decision. See, e.g., United States v. Winkelman, 746 F.3d 134, 135-36 (3d Cir. 2014)).

After the sentencing court denied his second § 2255 motion, Petitioner, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania, filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 4]. He alleges that pursuant to the decision in Alleyne, the sentencing court violated his Sixth Amendment right to a jury trial by imposing a 120-month sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(iii) for discharging a firearm in connection with a crime of violence without proof beyond a reasonable doubt that he "discharged" a firearm during the crime. As relief, he seeks an order from this Court directing that his 120-month sentence at Count III be vacated and that he be resentenced to what he contends is the appropriate mandatory minimum of 5 years.

Respondent has filed his Answer [ECF No. 10], to which Petitioner has filed a Reply [ECF No. 12].

**B.     Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[1] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the

---

[1]     Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, but rather a motion to set aside, vacate or correct a sentence, it may afford the same relief, and is habeas corpus' practical substitute for federal prisoners. Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 prohibits district courts from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause," "safety valve," or "safety hatch." It is Petitioner's burden to establish that the remedy under § 2255 is inadequate or ineffective. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). He has not met the requisite burden.

In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Court of Appeals for the Third Circuit stressed that § 2255's remedy *is not* "inadequate or ineffective" solely because the petitioner cannot meet the stringent gatekeeping requirements of AEDPA and file a second or successive § 2255 motion with the district court that convicted and sentenced him. Dorsainvil, 119 F.3d at 251

("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255"). See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, *or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255*."). It did, however, recognize the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to prohibit the filing of second or successive motions: where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted and the petitioner was not able to bring the claim in an earlier § 2255 motion because the claim was not previously available.

Petitioner cannot litigate his Alleyne claim in a § 2241 petition because the Court of Appeals for the Third Circuit has excluded from the ambit of Dorsainvil the type of claim that he is making in this case. In Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), the petitioner argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding in Apprendi because the judge increased his sentence on the basis of drug quantity not found by a jury. The Court of Appeals for the Third Circuit rejected his argument, holding:

> Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive

5

application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.

>The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

- - -

>Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal*. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Id. at 121 (emphasis added).

In the recent non-precedential decision of Jackson v. Shartle, 535 F.App'x 87 (3d Cir. 2013), the Court of Appeals for the Third Circuit relied on its holding in Okereke to reject the petitioner's argument that the decision in Alleyne permitted him to utilize § 2255's savings clause so that he could challenge the validity of his sentence in a § 2241 petition. The court held:

>In this case, Jackman cannot avail himself of the "safety valve." He relies on the recent United States Supreme Court case Alleyne v. United States, – U.S. –, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), to support his petition. Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that that defendants have the Sixth Amendment right to a jury finding beyond a reasonable doubt of all facts that increase the penalty for a crime beyond the statutory maximum sentence. Specifically, Alleyne overruled the Supreme Court's decision in Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and held that the rule of Apprendi applies to facts that increase the statutory minimum sentence. *Because we have held that Apprendi claims must be brought pursuant to § 2255, not § 2241, see Okereke, 307 F.3d at 120-21, it follows that Alleyne claims must be brought pursuant to § 2255 as well. Thus, the District Court did not err in dismissing Jackman's § 2241 petition for lack of jurisdiction*.

Jackman, 535 F.App'x at 89 (emphasis added). The Court of Appeals for the Third Circuit reached the same conclusion in another recent non-precedential decision case, Sacksith v. Warden Canaan USP, 552 F.App'x 108, 109 (3d Cir. 2014), cert. denied Sacksith v. Ebbert, 134 S.Ct. 1915 (2014), in which it held:

> Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000)…. We have held that '§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument,' Okereke, 307 F.3d at 121, and there is no basis to treat claims brought under Alleyne differently. Thus, the District Court did not err in dismissing Sacksith's § 2241 petition.

(bracketed text in original).

In conclusion, Petitioner's claim does not fall within the narrow "savings clause" exception set forth in Dorsainvil. Because this case does not present the rare situation rendering § 2255 inadequate or ineffective, this Court does not have jurisdiction and the petition should be dismissed.

Although this Court lacks jurisdiction over Petitioner's Alleyne claim, it must be noted that if this Court could consider the claim it would be denied because the Court of Appeals for the Third Circuit has held that Alleyne does not apply retroactively to cases on collateral review. United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir. 2014). Therefore, federal prisoners cannot get relief under Alleyne in either a § 2241 habeas petition or in a first § 2255 motion.

### C. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, the Court should make no certificate of appealability determination in this matter.

### **III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 29, 2014

cc: The Honorable J. Frederick Motz
United States District Judge